IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 28, 2011 Session

TERESA SMITH, AS DEVISEE OF RONNIE CRABTREE
v.
LINDA D. HATFIELD

An Appeal from the Circuit Court for Fentress County
No. 2010-CV-87     John McAfee, Judge

No. M2010-02623-COA-R3-CV - Filed December 2, 2011

This is a breach of contract case. The defendant seller entered into a contract to sell a mobile home to the plaintiff's decedent. The contract required the decedent to make monthly payments by a date certain for eighty-four months, and if he failed to do so, all of his payments would be forfeited as rent. The decedent failed to make all of his payments in a timely manner. Later, the decedent died. The plaintiff, the decedent's sole devisee, offered to pay the contract off by making a lump-sum payment to the defendant. The defendant rejected this offer. The plaintiff filed this lawsuit against the defendant, seeking to require the defendant to accept the lump-sum payment and convey the property to her. The trial court dismissed the plaintiff's claims upon the close of her proof, because the undisputed evidence showed that she had not made the required monthly payments under the contract. The plaintiff now appeals. We affirm and award attorney fees for a frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Harold E. Deaton, Jamestown, Tennessee, for the Plaintiff/Appellant Teresa Smith[1]

S. N. Garrett, Jamestown, Tennessee, for the Defendant/Appellee Linda D. Hatfield

---

[1]Counsel for Plaintiff/Appellant Smith did not appear at oral argument in this case. Therefore, the matter was submitted for consideration based on the record, the appellate briefs, and the oral argument presented by counsel for Defendant/Appellee Linda D. Hatfield.

**MEMORANDUM OPINION**[2]

On May 3, 2004, Defendant/Appellee Linda D. Hatfield ("Seller") entered into a "Land Contract" with Ronnie Lee Crabtree ("Buyer") to purchase a mobile home for $16,800.[3] Under the contract, Buyer was to pay Seller $200 each month for eighty-four months, provide insurance for the property, and pay the property taxes "before December 31st of each year." The $200 monthly payments were to be made on the third day of each month, with a four-day grace period. The contract provided that "[Buyer] agrees to pay all payments in a timely manner . . . . If each payment is not made by the 7th of each month, all payments shall be forfeited as rent. Time is of the essence." It also stated: "This contract shall benefit and bind the heirs, administrators, executors, legal representatives, and assigns of the parties hereto."

Buyer died on June 4, 2010, leaving a Last Will and Testament. Under his will, all of Buyer's property was devised to his sister, Plaintiff/Appellant Teresa Smith ("Devisee").[4]

Two days later, on June 6, 2010, Devisee met with Seller about the Land Contract. In the meeting, Devisee offered to pay Seller $2,000 in a lump sum to pay off the Land Contract and obtain immediate ownership of the home. Seller refused. Seller allegedly explained her refusal by saying that "the land . . . had already gone back to [Seller]." On June 10, 2010, after seeing an attorney about the matter, Devisee again offered Seller $2,000 to purchase the property. Seller again refused. At no time after her brother's death did Devisee ever tender any monthly payment of $200 to Seller.

On August 26, 2010, Devisee filed a lawsuit against Seller in General Sessions Court. In the lawsuit, Devisee asserted that Seller breached the Land Contract by declining her offer to

---

[2]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[3]The facts recited are taken from the technical record, the exhibits, and from the Appellee/Seller's Statement of the Evidence, which was filed pursuant to Tennessee Rule of Appellate Procedure 24(c) and approved by the trial court pursuant to Tennessee Rule of Appellate Procedure 24(f). Plaintiff/Appellant Teresa Smith filed a proposed Statement of the Evidence as well, but the trial court rejected it, finding that it did not accurately describe the evidence presented at trial.

[4]Prior to her brother's death, Devisee lived in Muncie, Indiana.

purchase the property for $2,000. After a hearing, the General Sessions Court held in favor of Devisee and awarded the property to her. Seller filed a timely appeal to Circuit Court, the trial court below, for a *de novo* hearing.

On November 17, 2010, the trial court conducted a bench trial in the matter. Prior to trial, the parties stipulated that Seller, not Buyer, had paid all of the property taxes on the property at issue.

At the trial, Devisee testified as to the facts recounted above. She did not see the Land Contract until after her meeting with Seller on June 6, 2010, shortly after her brother died. Devisee had been under the impression that Seller had agreed to finance the mobile home as a bank would. Devisee testified that, before Buyer's death, he told her that he had made all of his monthly payments to Seller by the third of the month, and that he had paid the property taxes, both required under the contract. Despite this testimony, Devisee in fact stipulated that her brother did not pay the property taxes; rather, Seller had paid them.[5] Devisee admitted that she never tendered the $200 monthly payment to Seller after her brother's death. Devisee also acknowledged that she knew that Buyer had made some of his monthly payments late.

At the conclusion of Devisee's proof, Seller made an oral motion to dismiss the Devisee's complaint. The trial court granted the motion to dismiss. It held that Devisee, as Buyer's heir, was bound to the terms of the Land Contract, and therefore she was obligated to make monthly payments to Seller by the 7th of each month. Because "no money was tendered in July, August, September, October, or November by the 7[th] of the month," Seller did not breach the contract in refusing to convey the property to Devisee for the $2,000 offered. Thus, the trial court found that Devisee failed to comply with the contract by failing to make the required monthly payments. On November 29, 2010, the trial court entered a written order dismissing the case on this basis. From this order, Devisee now appeals.

On appeal, Devisee argues that the trial court erred in granting Seller's motion to dismiss at the conclusion of her proof.[6] She claims that Seller's refusal to accept the proffered payment in full and Seller's assertion that the contract had expired excused Devisee from tendering monthly payments under the contract. Devisee also claims that specific performance is the

---

[5]Some evidence at trial showed that, over the six-year duration of the contract, the only property taxes paid by Buyer under the contract were two payments of $20 each.

[6]Seller argues that Devisee's brief is deficient in that it fails to cite to the appellate record, as is required under Rule 27(a) of the Tennessee Rules of Appellate Procedure, and because it states facts that are not in the appellate record. In light of our ruling herein, we need not address whether Devisee's brief is fatally deficient.

proper remedy, and that she should be permitted to purchase the property upon payment of $2,000.

Because this was a bench trial, we review the trial court's findings of fact *de novo* on the record, presuming those findings to be correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***see Rawlings v. John Hancock Mut. Life Ins. Co.***, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). Issues of law are reviewed *de novo*, with no presumption of correctness. ***Nelson v. Wal-Mart Stores, Inc.***, 8 S.W.3d 625, 628 (Tenn. 1999).

It is undisputed that, rather than paying the $200 in monthly rent by the 7th of the month, Devisee offered Seller $2,000 in "full payment" of the contract, first on June 6, 2010, and again on June 10, 2010. Devisee claims that she was excused from making monthly payments to Seller, because Seller first breached the contract by declaring that the contract was expired.

This argument makes no sense. First, the undisputed evidence is that Buyer, Devisee's brother, was in breach of the contract before he died by failing to make timely payments and by failing to pay the property taxes as required. Assuming, without deciding, that Devisee could step into Buyer's shoes after his death and "cure" his breach, Devisee failed to do so, because she did not make the required monthly payments. Devisee points to no provision in the contract that allows Buyer to accelerate the contract at Buyer's option and force Seller to accept a lump-sum payment from Devisee.

Devisee makes much of the fact that, when Devisee first offered to purchase the property for $2,000, Seller said that the contract had expired. She fails to explain how this constitutes a breach. We find that Seller's comment is just that – a comment. It is not a breach.

The terms of the Land Contract are unambiguous, and they must be given their plain and ordinary meaning. ***See Honeycutt v. Honeycutt***, 152 S.W.3d 556, 561-62 (Tenn. Ct. App. 2003). Under the plain terms of this contract, we conclude that the undisputed facts demonstrate (1) that Buyer had been in breach of the contract before his death by failing to pay the property taxes and by failing to make timely monthly payments, and (2) that Devisee was also in breach by her failure to make monthly payments under the contract after her brother's death. Moreover, the contract does not permit Devisee to prepay the contract in full, nor does it require Seller to accept such an offer of payment. For these reasons, we affirm the trial court's decision to dismiss Devisee's claim at the conclusion of her proof.

On appeal, Seller asks this Court to grant her an award of attorney fees expended in this appeal. Seller argues that Devisee's appeal was frivolous and devoid of merit within the

meaning of Tennessee Code Annotated § 27-1-122.[7]  Seller points to the deficiencies in Devisee's brief, her failure to file an accurate Statement of the Evidence, and the lack of any reasonable chance of success in this appeal.  In response, Devisee claims that this appeal cannot be deemed frivolous, because she prevailed in General Sessions Court, lending credibility to her argument on appeal.

We recognize that Devisee prevailed in the General Sessions Court.  The record does not reveal the basis for the decision of the General Sessions Court, and we can think of none.  Devisee's contentions are simply devoid of merit.  Moreover, in this appeal, Devisee's brief fails to comply with the Tennessee Rules of Appellate Procedure in many respects.

An award of attorney fees on appeal is a matter within our sound discretion.  *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995).  Exercising that discretion, we grant Seller's request for reasonable attorney fees incurred in this appeal.  The cause is remanded to the trial court for a determination of the reasonable amount of attorney fees for this appeal.

## CONCLUSION

The decision of the trial court is affirmed.  We award attorney fees for this appeal to Appellee Linda D. Hatfield, and the cause is remanded for a determination of such fees.  Costs on appeal are to be taxed to Appellant Teresa Smith and her surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[7]That statute provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000).